■ In the Matter of HERBERT C. SILBERMAN, as Conservator of the Property of HELMA JOHNSON, a Conservatee, Respondent. NYACK MANOR NURSING HOME, Intervenor-Appellant. — Order of the Supreme Court, New York County (Greenfield, J.), entered on October 17, 1983, which denied a motion by the intervenor-appellant, Nyack Manor Nursing Home, to vacate a resettled order that judicially settled the final account of respondent Herbert C. Silberman, Esq., as conservator of the property of Helma Johnson, and which denied Nyack's application for injunctive relief and the appointment of a fact-finding referee, is unanimously modified, on the law and the facts, to the extent of granting the motion to vacate the resettled order, and the matter is remanded for a hearing upon notice to all creditors, in which the court or, in the court's discretion, a duly appointed referee, is to determine the current assets and liabilities of the estate and the proper compensation of the conservator, and otherwise affirmed, without costs. ¶ Respondent Herbert C. Silberman, Esq., was appointed as conservator of the property of Helma Johnson by an order entered in the Supreme Court, New York County, on February 28, 1977. In connection with such appointment, Silberman executed a bond in the amount of $85,000 by Insurance Company of North America. ¶ On January 21, 1981, Helma Johnson, the conservatee, was admitted as a patient under the care of the intervenor-appellant, Nyack Nursing Home. By September, 1982, over $15,000 in arrears had accrued for the expenses of her care at Nyack. Demand for payment was repeatedly made in correspondence that continued into April, 1983, by which time an action had been commenced in Rockland County Supreme Court by Nyack Manor against Silberman and his surety. In July, 1983, Medicaid reimbursed Nyack Manor for approximately $15,000 of the arrears, leaving a balance of approximately $5,000. ¶ In May, 1983, Silberman brought a petition in Supreme Court, New York County, seeking an order judicially settling his final account as conservator and discharging him from further duties as conservator. Although listed in the schedule of creditors annexed to the petition, Nyack Manor received no notice of the pendency of the judicial settlement proceeding despite Silberman's assurance in a letter dated April 1, 1983, that they would be so notified. Nyack Manor, as a creditor which had duly presented its claim to the conservator, was entitled under sections 253 and 254 of the Debtor and Creditor Law to notice of the pendency of the judicial settlement proceeding. The intervenor's argument that it was entitled to notice is particularly compelling under the facts of this case where the assets of the estate are allegedly insufficient to satisfy the claims of all the creditors, and the conservator-respondent requested and was awarded $6,000 for "extraordinary legal services" over and above his statutory rate of compensation. ¶ In light of the circumstances presented, we believe that due notice to all creditors should be given. Concur — Kupferman, J. P., Sullivan, Ross, Bloom and Alexander, JJ.