(March 1, 1988)

■ In the Matter of EVERT M. OLSON, as Conservator of the Person and Property of ELLEN OLSSON, as Conservatee, Respondent. MARILYN LICHTMAN, Doing Business as DE WITT NURSING HOME, Appellant.—Order of the Supreme Court, New York County (Martin Evans, J.), entered on September 8, 1987, which, *inter alia,* dismissed the objections by appellant De Witt Nursing Home to the final accounting of petitioner-respondent Evert M. Olson, is unanimously modified on the law to the extent of vacating the dismissal of appellant's objections, remanding the matter for a hearing to determine whether petitioner has made a proper accounting of the conservatee's estate, permitting appellant to be heard in the proceedings, and otherwise affirmed, without costs or disbursements.

On September 16, 1983, petitioner-respondent Evert M. Olson was appointed conservator of the person and property of Ellen Olsson. He subsequently applied to judicially settle his account, resign as conservator and be discharged from all further fiduciary duties. Accordingly, petitioner submitted an accounting of the conservatee's account covering the period September 16, 1983 to March 12, 1987. In compliance with section 253 of the Debtor and Creditor Law, petitioner notified appellant De Witt Nursing Home, where the conservatee has been a patient-resident since May 1, 1984, of the pendency of the judicial settlement proceeding. Appellant thereafter objected to the final accounting, alleging that there were insufficient funds remaining in conservatee's estate to pay for services rendered to her by appellant and that petitioner had made certain improper payments. The Supreme Court, however, dismissed appellant's objections and granted petitioner's application to the extent of appointing a guardian ad litem for

the protection of the conservatee's interests. The nursing home has appealed.

Section 77.29 of the Mental Hygiene Law requires a conservator to make and file an annual inventory and account. While the record is unclear as to whether petitioner filed such an annual accounting (appellant claims that he did not), he has now applied for a final settlement pursuant to Mental Hygiene Law § 77.31. In that connection, section 77.01 (2) of the Mental Hygiene Law provides that "[i]f the conservatee is a patient in a hospital or school, the officer in charge of such hospital or school * * * shall have the right to be heard in all phases of the proceedings." Public Health Law § 2801 includes a nursing home within the definition of a "hospital". In addition, section 77.31 (d) of the Mental Hygiene Law mandates that whenever the conservatee is a patient in a hospital or school, the officer in charge of such institution be served with a copy of the final accounting (see, Matter of Silberman, 103 AD2d 729, a case involving a motion by a creditor-nursing home to vacate a resettled order judicially settling a final account by the conservator, wherein this court held that "due notice to all creditors should be given"). Certainly, the right to notice is meaningless unless it is accompanied by the right to intervene in the proceeding and file objections to the accounting. The Supreme Court, therefore, should have held in abeyance a decision regarding the validity of appellant's objections pending a hearing on the issue of whether petitioner has made a proper accounting of the conservatee's estate and should have permitted appellant to be heard in the proceedings. Concur—Murphy, P. J., Sandler, Carro, Milonas and Rosenberger, JJ.